UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FREDERICK D. JONES, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-0028-TWP-TAB |
| ) | |
| OFFICER CLINTON RUOFF, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Second Amended Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings**

**I. Screening**

The plaintiff, Frederick D. Jones ("Mr. Jones"), an inmate at the Floyd County Jail, brings this civil rights complaint pursuant to 42 U.S.C. § 1983. His motion to file a second amended complaint [dkt. 15] is **granted.** The **clerk shall update the docket** by modifying docket 15 to be the "SECOND AMENDED COMPLAINT."

The second amended complaint was filed on March 10, 2016. Mr. Jones has named six defendants: 1) Police Officer Clinton Ruoff; 2) Officer Edgell; 3) Prosecutor Jessica Bansbach; 4) Detective Furman; 5) Sheriff Frank Loop; and 6) Attorney Brian Chastain. He seeks compensatory damages and public apologies.

The second amended complaint completely supersedes any prior complaint. The second amended complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for

failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

### A. Allegations

Mr. Jones alleges that Officer Ruoff pulled him over on December 7, 2015. Mr. Jones was the passenger in his vehicle and a white female, Amber Howell, was driving. Officer Edgell pulled up to assist Officer Ruoff. Ms. Howell had a suspended license and was on probation for drug offenses. Mr. Jones was taken to the back of an officer's vehicle and questioned repeatedly about what he was doing with the white female. Mr. Jones said nothing and stuck his hands out to be handcuffed because he knew there was a probation warrant out on him. Amber Howell has told others that she had two syringes and drugs on her. The officers told her to just walk away and they would handle it. Later that night Mr. Jones was charged with possession of cocaine, even though no cocaine was found on or around him while he was present.

Mr. Jones alleges Officer Ruoff signed an affidavit stating that Officer Edgell found or saw crack cocaine in a coffee cup, which Mr. Jones asserts could not have been in plain view because the coffee cup was solid black with a lid. Lab tests returned saying the substance was meth and weighed much less than that alleged in the affidavit. Mr. Jones brings claims of racial discrimination, false arrest, malicious prosecution, illegal search, conspiracy and perjury against the two officers.

Mr. Jones alleges that Sheriff Loop has denied him access to the law library because he has a court appointed attorney. He also alleges that his requests to see a mental health person have been denied. He asked that he be placed in segregation for his own safety. Detective Furman investigated Mr. Jones' claim of racial discrimination and told Mr. Jones that if he claims any more race problems, he would be placed back in segregation.

Although the claims against Mr. Jones were eventually dismissed, he contends that his attorney Brian Chastain was ineffective with his case and probation hearing. Mr. Chastain never talked to Mr. Jones' only witness Amber Howell and missed crucial court dates. Mr. Jones alleges that he continues to be held in jail because Mr. Chastain has failed to notify the court that he has not been given proper credit for time served after his parole was reinstated.

B. **Insufficient Claims**

Certain of Mr. Jones' claims are legally deficient, as discussed below:

The claims against Sheriff Loop and Detective Furman relate to conditions in the jail. They are distinct from the claims brought against the two arresting officers. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 20 allows joinder of multiple defendants only when the allegations against them involve the same transaction or occurrence and common questions of fact and law. Any claims against Sheriff Loop and Detective Furman do not involve the same occurrences or common questions of fact and law as those brought against the two officers.

"[O]n its own, the court may at any time, on just terms, … drop a party" that is misjoined. FED. R. CIV. P. 21. The misjoined claims against Sheriff Loop and Detective Furman are **dismissed without prejudice** from this action. If the plaintiff wants to bring a separate civil rights action against Sheriff Loop and Detective Furman, he may do so. He would thereby incur another filing fee obligation and any complaint would be screened in accordance with 28 U.S.C. § 1915A(b).

With respect to the claim against Mr. Jones' court appointed attorney, a public defender is not a state actor. Therefore, any constitutional claim against Brian Chastain is **dismissed for failure to state a claim upon which relief can be granted.** *See e.g. Polk County v. Dodson,* 454

U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).

Any claim against Prosecutor Bansbach is **dismissed for failure to state a claim upon which relief can be granted** because prosecutors are entitled to absolute immunity from claims for damages for activities which are "intimately associated" with the judicial process such as initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). Mr. Jones' claim against the prosecutor falls within the scope of that immunity.

Mr. Jones' 42 U.S.C. 1985 conspiracy claim asserted against the two officers is superfluous because it does not add any substance to his other more applicable constitutional claims and both of the officers are state actors. The function of 42 U.S.C. § 1985(3) is to permit recovery from a private actor who has conspired with state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) ("All defendants are state actors, so a § 1985(3) claim does not add anything except needless complexity."). The conspiracy claim is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue as to the claims dismissed in this Entry.

## II. Further Proceedings

Mr. Jones' federal claims of false arrest, unlawful search, and malicious prosecution arising under the Fourth Amendment to the United States Constitution and the denial of equal protection claim arising under the Fourteenth Amendment, and his state law claim of perjury, shall proceed against Officer Ruoff and Officer Edgell.

Defendant Officers Ruoff and Edgell shall have **through May 2, 2016,** in which to respond to the second amended complaint filed on March 10, 2016.

The **stay** issued on March 18, 2016, is **lifted.**

**IT IS SO ORDERED.**

Date: 4/1/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Frederick D. Jones
#99863
Floyd County Jail
Inmate Mail/Parcels
311 Hauss Square
P. O. Box 1406
New Albany, IN 47150

Electronically registered counsel

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.