UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FREDERICK D. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-00028-TWP-TAB |
| ) | |
| CLINTON RUOFF Officer, ) | |
| EDGELL Officer, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO COMPEL, MOTION FOR SANCTIONS, AND RENEWED MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL**

This matter is before the Court on several Motions filed by Plaintiff Frederick D. Jones ("Jones"). The claims that are proceeding in this action are federal claims of false arrest, unlawful search, and malicious prosecution arising under the Fourth Amendment to the United States Constitution and the denial of equal protection claim arising under the Fourteenth Amendment, and a state law claim of perjury. The Court will address each motion in turn.

### I. Motion to Compel

Jones's Motion to Compel, [Filing No. 75] filed on July 13, 2016, alleges that the Defendants have refused to provide him with a copy of the New Albany Police Department policies regarding inventory of impoundment vehicles and warrantless searches, and the plain view policy. The Defendants object to releasing the report on the grounds that 1) the plaintiff did not serve a written formal request, and 2) the documents sought are not relevant and would not lead to the discovery of admissible evidence. Jones alleges that he sent his request in a letter dated May 28, 2016, however, neither party has submitted a copy of the request for the Court's review. Absent a copy of the request, the Court cannot discern whether the form of the request

was adequate. The Court prefers to deal with the request on the merits, and therefore, the Defendants' first objection is **overruled.**

The Defendants' second objection is also **overruled.** Although Jones is reminded that any alleged violation of police department policy or practice will not automatically prove his constitutional claims, the Court finds that the policies requested could reasonably lead to the discovery of admissible evidence. Accordingly, Jones Motion to Compel is **granted**. The Defendants' request to limit the dissemination of the operating procedures to only the Plaintiff is **granted.** The defendants shall tender a proposed protective order within **fourteen (14) days** of the issuance of this Entry.

The Plaintiff's Motion to Compel [Filing No. 75] is **GRANTED** with the limitation that Jones shall be required to comply with a protective order, to be issued.

## II.  Motion for Sanctions

The Plaintiff's Motion for Sanctions based on the Defendants' position taken on his request for copies of various police department policies [Filing No. 84] is **DENIED as meritless.** The Defendants' objection to the discovery request was not frivolous or vexatious. Litigation by its very nature brings out disagreements between the parties. Nothing about the Defendants' response to the discovery request and motion to compel warrants any type of sanction.

## III. Renewed Motion for Assistance with Recruiting Counsel

The Court has considered the plaintiff's renewed motion for appointment of counsel. [Filing No. 80]. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647,

654-655 (7th Cir. 2007). As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014).

Jones reports that he graduated from high school, can read and write, and has litigated this case and several others without assistance from anyone else. He has contacted five (5) attorneys but has not succeeded in recruiting counsel. He should continue those efforts because in light of his ability to express his claims, conduct discovery, seek relief in the form of numerous motions, and respond appropriately to Court orders, Jones has demonstrated that for now, he is able to litigate this action on his own.

Jones Motion for Assistance with Recruiting Counsel [Filing No. 80] is **DENIED for the present.** The Court will, however, be alert to the possibility of recruiting representation for Jones at trial or at other points in the case where his incarceration and pro se status would make it particularly difficult for Jones to proceed without representation. The Court will also be alert to the possibility of assisting with recruiting counsel should the matter proceed to trial in which the assistance of counsel would be a benefit to both Jones and the Court.

**SO ORDERED.**

Date: 8/9/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FREDERICK D. JONES, 99863
FLOYD COUNTY JAIL
Inmate/Mail Parcels
P.O. Box 1406
New Albany, IN 47150

Electronically registered counsel